IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Robert Earl Vance, #167855, | ) | Civil Action No.: 8:04-0715-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jurell Byrd, Jail Administrator of | ) | |
| R. Eugene Johnson Detention Center | ) | **O R D E R** |
| (Laurens County Detention Center); | ) | |
| Patsie Johnson, Jail Official; and | ) | |
| Kathy Franklin, Jail Official, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was filed by the plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the defendants, individual corrections officers and the jail administrator of Laurens County Detention Center. The plaintiff states in the original complaint that he wears a brace on his leg and he is disabled. Although the plaintiff alleges that he warned corrections officers of his condition, he states that he was placed in a cell with water on the floor. Once in the cell, the plaintiff alleges that he slipped and fell in the water and hit his head. Therefore, the plaintiff alleges that the defendants violated his Eighth Amendment rights by failing to provide for his reasonable safety and for being deliberately indifferent to his medical needs. The plaintiff filed an amended complaint which adds a claim under the Americans with Disabilities Act ("ADA").

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On October 12, 2004, the defendants filed a motion for summary judgment. As the plaintiff is proceeding pro se, an order

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on October 18, 2004, advising the plaintiff of the summary judgment procedure and the importance for him to file an adequate response. On November 17, 2004, the plaintiff filed his response to the motion for summary judgment. The defendants filed a supplemental motion for summary judgment on May 16, 2005, and the plaintiff filed his opposition on May 31, 2005. The defendants filed a reply on June 2, 2005.

On July 19, 2005, the Magistrate Judge issued a Report and Recommendation which recommends that the defendants' motions for summary judgment be granted. With regard to the alleged Eighth Amendment violations the Magistrate Judge found that the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights. Therefore, the Magistrate Judge concludes that the defendants are entitled to qualified immunity. The Magistrate Judge also found that the plaintiff has failed to prove that the defendants' actions violated Title II of the ADA as alleged in the amended complaint. Thus, the Magistrate Judge concludes that summary judgment is also appropriate on this claim.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On August 2, 2005, the plaintiff filed objections to Magistrate Judge Hendrick's Report and Recommendation. They are as follows:

**ADA Claim**

The plaintiff states in his objections to the Magistrate Judge's Report that his claim regarding violation of the ADA has not been addressed, however, this court notes that the Magistrate Judge did discuss the ADA claim in the Report and concludes that it fails. Without specific objection to the Magistrate Judge's reasoning as to this issue, the court will not discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Therefore, this objection is hereby overruled.

**Discovery**

The plaintiff next states in his objections to the Magistrate Judge's Report that his request for discovery is not addressed in the Report. This court notes that the Magistrate Judge issued her Report on July 19, 2005. The plaintiff's request for discovery was not filed until July 22, 2005. Therefore, it would have been impossible for the Magistrate Judge to discuss this request in the Report. Thus, this objection is overruled.

As mentioned above, that the plaintiff's request for discovery was not made until July 22, 2005. However, the plaintiff filed his Complaint on March 29, 2004, and the defendants filed their motion for

summary judgment on October 12, 2004. Therefore, the court finds the plaintiff's request for discovery is untimely and it is **DENIED**. Additionally, the court notes that in the plaintiff's discovery request he fails to specify what discovery he is seeking from the defendants.

**Deliberate Indifference**

The plaintiff also states in his objections that the defendants were deliberately indifferent to his needs and that he should have been placed in a cell for persons with a disability. The court notes that this is simply a restatement of the allegations the plaintiff made in his complaint and amended complaint. The Magistrate Judge analyzed these allegations in her Report and without specific objections to the analysis and conclusion of the Magistrate Judge this court will not further discuss these claims. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985) (Specific objections are necessary to focus the court's attention on disputed issues); see also Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) ( Because general objections to a Magistrate Judge's Report do not direct the court's attention to any specific portion of the Report, they are tantamount to a failure to object). Therefore, this objection is hereby overruled.

After carefully reviewing the Report, objections, pleadings, memoranda, and applicable law, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. The plaintiff's objections to the Report are hereby overruled. Accordingly, the defendants' motions for summary judgment are **GRANTED**.

       **AND IT IS SO ORDERED**.

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
August 18, 2005